UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE GOOD FOOD INSTITUTE,<br>1380 Monroe St. NW, #229<br>Washington, DC 20010,<br><br>    Plaintiff,<br><br>    v.<br><br>FOOD AND DRUG ADMINISTRATION,<br>10903 New Hampshire Ave<br>Silver Spring, MD 20993-0002,<br><br>    Defendant. | Civil Action No. 1:18-cv-1453 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.	This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other relief, seeking the release of agency records requested by The Good Food Institute ("GFI") from the U.S. Food and Drug Administration ("FDA").

2.	This lawsuit challenges the failure of FDA to disclose agency records in response to a May 3, 2018, FOIA request submitted by GFI. GFI requested documents related to FDA's and USDA's initial discussions about the regulation of clean meat – animal meat produced outside of an animal. FDA has failed to comply with statutory deadlines and failed to disclose responsive records. GFI asks the Court to order disclosure of all responsive records.

–1–

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under FOIA. *See* 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(C)(i) (2012). The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2012).

4. Venue is proper in this district under FOIA. *See* 5 U.S.C. § 552(a)(4)(B) (2012).

## Parties

5. Plaintiff GFI is a non-profit 501(c)(3) organization, incorporated in Delaware with its principal location in Washington, D.C. GFI is working toward a healthy, humane, and sustainable food supply. Among other activities, GFI widely shares information throughout the country by various means, including through its website, social media outlets, publications (including opinion pieces in major media outlets), and media interviews. Consumers of the information GFI disseminates include scientists, students, governmental entities, the regulated communities, media outlets, and the general public.

6. Defendant FDA is an agency of the U.S. Department of Health and Human Services, a cabinet-level department of the executive branch of the United States government. FDA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1) (2012).

## FACTS

### Background

7. Cell culture technology for growing human and non-human animal tissues in vitro is developing rapidly, and one future commercial use of this technology will be the production of animal meat without the use of live animals.

8. There is not yet a universally-accepted term for meat produced through cell culture technologies; it is varyingly referred to as clean meat, cultured meat, in vitro meat, lab-grown meat, or synthetic meat.

9. Because the technology to grow clean meat has not yet reached commercial scale, there are outstanding questions about the regulatory framework that will apply to the production and sale of clean meat.

10. On information and belief, two agencies of the United States government — FDA and the United States Department of Agriculture — have participated in discussions regarding the regulatory status of clean meat, including which agency will have jurisdiction to regulate its production and sale when it becomes commercial available.

11. On information and belief, these discussions have involved an interagency working group on the subject.

12. On June 15, 2018, the Commissioner of Food and Drugs announced FDA's conclusion that "animal cell culture technology as a method of food production" would fall under FDA's general jurisdiction over "articles used for food."[1]

13. On that same day, FDA announced a public meeting to be held on the subject of "Foods Produced Using Animal Cell Culture Technology" on July 12, 2018. 83 Fed. Reg. 28238 (June 15, 2018).

14. Some members of the conventional meat industry disagree that FDA should have jurisdiction over clean meat, and a petition from the U.S. Cattlemen's Association has urged

---

[1] *See* "Statement from FDA Commissioner Scott Gottlieb, M.D. and FDA Deputy Commissioner Anna Abram on emerging food innovation, 'cultured' food products" https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm610869.htm.

USDA to assert authority over any food using the word "meat."  *See* Petition from U.S. Cattlemen's Association, https://www.regulations.gov/docket?D=FSIS-2018-0016.

15. Additionally, an unnamed USDA spokesperson has apparently disagreed with FDA's assertion of jurisdiction over clean meat.[2]

16. In light of the recent public attention around this subject, the public has an interest in knowing more about any discussions between FDA and USDA, and the records requested will aid the public in understanding how this developing technology may be regulated in the future.

### GFI's FOIA Request

17. On May 3, 2018, GFI submitted a FOIA request to FDA, which is the subject of this complaint.[3]  FDA acknowledged receipt of this request on May 8, 2018, and assigned the control number 2018-3840.

18. The exact scope of the request was the following:

   a. All documents generated since January 1, 2010 that relate to or discuss an interagency workgroup focused on, in whole or part, issues relevant to clean meat, including all communications and meeting notes of FDA employees before or after any communications, meetings, or other exchanges, and all agency documents generated in reference or response to these communications, meetings, or other exchanges (including, but not limited to, emails, notes, and presentations prepared in response).

---

[2]  *See* Politico, "Welcome to the turf battle over lab-grown meat" (June 15, 2018), available at https://www.politico.com/story/2018/06/15/lab-grown-meat-feds-turf-battle-629774.

[3]  GFI has also submitted a similar FOIA request to USDA, but it is not a subject of this complaint.

19.     As of the date of filing of this complaint, FDA has not issued the determination required by 5 U.S.C. § 552(a)(6)(A)(i), notifying GFI of whether it will comply with the request and any reasons for not complying.

20.     Specifically, GFI has received no correspondence from FDA other than the May 8 acknowledgment of receipt of GFI's request.

## COUNT I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

21.     Paragraphs 1–20 are incorporated by reference as if set forth fully herein.

22.     FDA's failure to respond to GFI's above FOIA request within 20 working days violated the statutory deadline imposed by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

23.     FDA failed to meet the statutory deadline even assuming the agency took an additional ten working days warranted by "unusual circumstances."  5 U.S.C. § 552(a)(6)(B).

24.     As a result of FDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

25.     GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI.  5 U.S.C. § 552(a)(4)(B).

## COUNT II
### Violation of FOIA: Failure to Make Reasonable Efforts to Search for Responsive Records

26.     Paragraphs 1–25 are incorporated by reference as if set forth fully herein.

27.     FDA's failure to make reasonable efforts to search for responsive documents, including records in electronic form or format, violates FOIA.  5 U.S.C. § 552(a)(3)(B)–(C).

28.     As a result of FDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

29.     GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI.  5 U.S.C. § 552(a)(4)(B).

## COUNT III
## Violation of FOIA: Failure to Make Compliance Determination and Notification

30.     Paragraphs 1–29 are incorporated by reference as if set forth fully herein.

31.     As described above, FDA has failed to comply with statutory deadlines.

32.     Additionally, FDA's lack of response deprives GFI of notice of whether FDA will comply with GFI's request, along with the reasons for such determination and the right to appeal such determination.  5 U.S.C. § 552(a)(6)(A)(i).

33.     As a result of FDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

34.     GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI.  5 U.S.C. § 552(a)(4)(B).

## COUNT IV
## Violation of FOIA: Unlawful Withholding of Agency Records

35.     Paragraphs 1–34 are incorporated by reference as if set forth fully herein.

36.     As described above, FDA failed to comply with statutory deadlines, failed to make reasonable efforts to search for responsive records, and failed to make a compliance determination regarding GFI's request.

37.     As a result of FDA's unlawful delay and failure to respond to GFI's request, the agency has withheld responsive records in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

38. As a result of FDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

39. GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI.  5 U.S.C. § 552(a)(4)(B).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

    A. order Defendant to conduct a reasonable search for all responsive records;

    B. order Defendant to promptly disclose to Plaintiff all responsive records;

    C. award Plaintiff its costs and reasonable attorneys' fees incurred in this action, under 5 U.S.C. § 552(a)(4)(E); and

    D. grant any other relief that the Court deems just and proper.

Dated: June 20, 2018

Respectfully submitted,

/s/ Nigel Barrella
Nigel Barrella, D.C. Bar No. 1005592
Law Office of Nigel A. Barrella
1001 Pennsylvania Ave. NW, Ste 1300N
Washington, DC 20004
Tel.   (202) 768-7510
Fax   (202) 204-3501
nigel@barrellalaw.com

*Counsel for Plaintiff,*
*The Good Food Institute*